United States District Court
for the
Southern District of Florida

Chris Kosachuk, Appellant,    )
    )
v.    )
    )    Bankruptcy Appeal
    )    Case No. 22-22071-Civ-Scola
Liza Hazan, aka Elizabeth Hazan,    )
Appellee.    )

## Order Affirming the Bankruptcy Court

This matter is before the Court upon Chris Kosachuk's appeal of the Bankruptcy Court's order granting Liza Hazan's expedited motion for contempt, to strike lis pendens and to impose sanctions. (ECF No. 30, BC ECF No. 1194.)[1]

Hazan filed a motion to dismiss Kosachuk's appeal on July 20, 2022. (ECF No. 10.) Kosachuk did not respond to that motion. Per the Court's order establishing a briefing schedule (ECF No. 27), Kosachuk filed his initial appellate brief on September 16, 2022. (ECF No. 30.) Subsequently, in the interest of judicial economy, Hazan requested that the Court rule on her pending motion to dismiss prior to submitting a response to Kosachuk's brief. (ECF No. 31.)

Having reviewed the parties' submissions, the Bankruptcy Court's order, and being apprised of the record below,[2] the Court **dismisses** Kosachuk's appeal and **grants** Hazan's motion. (**ECF No. 10**). The Bankruptcy Court is **affirmed** for the reasons stated below.

### 1. Background

In 2007, Hazan took out a mortgage to purchase a home on Fisher Island from NLG, LLC ("NLG"), a company then affiliated with Kosachuk. Hazan soon failed to make payment on her mortgage note leading NLG to obtain a default judgment against her in 2008 but matters seem to have only gotten worse. In 2011, NLG again sued Hazan—this time, seeking to foreclose on the mortgage.

[1] References to the record in Bankruptcy Case No. 16-10389-AJC, from which this appeal lies, will be styled as "BC ECF No."

[2] Kosachuk designated portions of the Bankruptcy Court record that are under seal. However, the sealed portions of the record are not relevant to this appeal, which, as explained *infra*, is nothing but a collateral attack on the Bankruptcy Court's final judgment in an associated adversary proceeding. The sealed documents designated by Kosachuk are "Liza Hazan's Title Commitment, Brokers' Opinions, Closing Statement, Listing Agreement, Payoff Letters from Chase Bank, Valencia Estates Community Association, Inc.., Estimated Settlement Statement, updated Clearance Items to close." (BC ECF No. 1179 at ¶ 10.) Those filings have nothing to do with the propriety of the order Kosachuk appeals.

While that suit was pending, in 2012, a corporation obtained a $5 million judgment against NLG in unrelated litigation before a New York court. That corporation assigned the judgment to Selective Advisors Group, LLC, an entity controlled by Hazan's husband. Selective recorded the judgment in the Circuit Court for Miami-Dade County, leading a Florida judge to assign NLG's rights and claims against Hazan to Selective for purposes of satisfying the judgment.

Meanwhile, NLG's bid at foreclosing on Hazan's mortgage somehow still pressed on for years. Its efforts seemed to come to fruition when another Florida court—despite the earlier ruling assigning NLG's rights against Hazan to Selective—found that NLG was entitled to a foreclosure judgment in the amount of $4.8 million. Hazan's home was thus scheduled to be sold on January 12, 2016.

However, that, again, was not the end of the story. On January 11, 2016, Hazan filed for relief under Chapter 11 of the Bankruptcy Code thereby staying the sale. That petition has extended through the present day.

On the basis of its $5 million judgment against NLG and the court order entitling it to NLG's claims against Hazan, Selective commenced an adversary proceeding against NLG as spinoff to Hazan's bankruptcy case on August 21, 2016. In it, Selective sought a determination of the nature and extent of NLG's claim to the home. Hazan joined the proceeding two months later. The Plaintiffs voluntarily dismissed Kosachuk from the adversary proceeding, leaving NLG as the sole Defendant in February 2017. (AP ECF No. 74.)[3] The proceeding went to trial and resulted in a final judgment favorable to Selective and Hazan.

In the judgment, the Bankruptcy Court evaluated the seemingly inconsistent Florida court orders concerning the debt owed on Hazan's home. It found that Selective—not NLG—was the proper owner of note and mortgage. It specifically said:

> "NLG has not demonstrated that it owns and holds the Note and Mortgage in question. *Verizzo v. Bank of N.Y.*, 28 So.3d 976, 978 (Fla. 2d DCA 2010). Here, NLG's interest in the Note, as evidenced by the Scola Judgment, was assigned by Judge Lopez to Selective. NLG no longer holds the right to enforce the Note or the Scola Judgment entered on the Note. . . . When Judge Lopez assigned the Scola Judgment to Selective, Selective stepped into the shoes of NLG, acquiring standing to foreclose on the Note and Mortgage. . . . This Court concludes that NLG has no further rights to any claims against Debtor with respect to the Note and Mortgage . . . NLG's Proof of Claim #17, having been filed after the bar date, [ ] is disallowed and the Court finds that NLG has no

---

[3] References to the record in the adversary proceeding assigned Bankruptcy Case No. 16-1439-AJC will be styled as "AP ECF No."

standing in this case based upon the Note, Mortgage, claim or lien emanating therefrom[.]"

(AP ECF No. 238 at 8-9, 13.) This Court affirmed the judgment on appeal. *See NLG, LLC v. Hazan et al.*, No. 18-24272, 2019 WL 4541700 (S.D. Fla. Sept. 19, 2019) (Smith, J.). And that ruling was upheld by the Eleventh Circuit. *See In re Hazan*, 10 F.4th 1244 (11th Cir. 2021).

Nevertheless, Kosachuk recently placed a lien on the Fisher Island home for the eighth time, which interfered with its sale/refinancing as part of Hazan's bankruptcy case. Kosachuk's actions put him in plain violation of the Bankruptcy Court's order of April 2, 2022, which enjoins him from placing a lis pendens on the property and from "taking any other action in contravention" of the final judgment in the adversary proceeding. (*See* BC ECF No. 1073 at 4.)

The Bankruptcy Court found Kosachuk in contempt and dissolved the lis pendens. The Bankruptcy Court also reiterated that it had previously "stated on the record that Chris Kosachuk has no standing and this case, and the Court believes his prior filings were improper efforts to prevent Ms. Hazan from selling or refinancing her property and completing her Plan." (BC ECF No. 1194 at 3.) It is this order that Kosachuk appeals, alongside "all orders and decisions antecedent and ancillary thereto[.]" (ECF No. 1 at 1.)

## 2. Legal Standard

This Court functions as an appellate court when reviewing the Bankruptcy Court's orders. *See In re Rudolph*, 233 Fed. App'x 885, 886-87 (11th Cir. 2007) (citing *In re JLJ Inc.*, 988 F.2d 1112, 1116 (11th Cir. 1993)). Interpretations of the Bankruptcy Code are questions of law that this Court reviews de novo. *Pollitzer v. Gebhardt*, 860 F.3d 1334, 1338 (11th Cir. 2017). Although the Bankruptcy Court's legal conclusions are reviewed de novo, this Court must accept the Bankruptcy Court's factual findings unless they are clearly erroneous. *In re Rudolph*, 233 Fed. App'x at 886-87. A judgment is clearly erroneous where, "although there is evidence to support it, the reviewing court on review of the entire evidence is left with the definite and firm conviction that a mistake has been committed." *In re Paramount Citrus, Inc.*, 268 B.R. 620, 621 (M.D. Fla. 2001).

## 3. Discussion

Kosachuk's appeal is nothing more than a collateral attack on the final judgment in the adversary proceeding. That is evidenced, in part, by the arguments he makes now: "The bankruptcy court failed to recognize that the void $5 million New York Judgment by Confession that it enforced against NLG's Final Judgment of Foreclosure is still subject to attack because there is no statute of limitations on challenging a void judgment[.]" (ECF No. 30 at 16.)

By challenging the Bankruptcy Court's authority to find him in contempt of its order enjoining any action in contravention of the final judgment, Kosachuk necessarily attempts to re-litigate the validity of that final judgment, which has been upheld by this Court and the Eleventh Circuit.

Thus, the Court agrees with Hazan that Kosachuk's appeal is barred by the doctrine of res judicata. Res judicata bars a judicial action seeking to re-litigate claims where "(1) [a] prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties were identical in both suits; and (4) the prior and present causes of action are the same." *See Sealey v. Branch Banking & Tr. Co.*, 693 Fed. App'x 830, 834 (11th Cir. 2017); *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1187 (11th Cir. 2003) (cleaned up).

*First*, there can be no question that the Bankruptcy Court is one of competent jurisdiction. Its judgment has been upheld by this Court and the Eleventh Circuit. *Second*, it is doubtless that the Bankruptcy Court's final judgment in the adversary proceeding adjudicates the merits of NLG's once-asserted claim to the Fisher Island property. *Third*, privity exists between NLG and Kosachuk so as to render them "identical" for purposes of res judicata. *See MSP Recovery Claims, Series LLC v. Esurance Prop. & Cas. Ins. Co.*, No. 20-23590-CIV, 2021 WL 7540811, at *4 (S.D. Fla. Apr. 8, 2021) (Torres, Mag. J.). Kosachuk's own behavior demonstrates this. Unhappy with the outcome against NLG, Kosachuk has abandoned corporate formalities and taken matters into his own hands. *Fourth,* by placing a lis pendens on the property, Kosachuk necessarily attempted to re-assert the same legal interest that was legally extinguished by the Bankruptcy Court's final judgment.

Against this backdrop, the Court finds no issue with the Bankruptcy Court's order (BC ECF No. 1194), which does nothing but seek to prevent Kosachuk's further attempts at undermining its final judgment in the adversary proceeding. To be sure, Section 105 of the Bankruptcy Code authorizes the Bankruptcy Court to take "any action or mak[e] any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105(a). Kosachuk's filing of a lis pendens was indeed a sufficient basis for the Bankruptcy Court to find him in contempt of its order. *See Catanzarite v. Mikles*, 20-61032-CIV, 2021 WL 7368741, at *4 (S.D. Fla. July 28, 2021) (Smith, J.), *aff'd*, 2022 WL 703963 (11th Cir. Mar. 9, 2022) (the filing of a lis pendens violated a Bankruptcy Court injunction). The Bankruptcy Court had also previously admonished Kosachuk against placing lis pendenses on the property, as the instance on appeal was not his first time.

Separately, before concluding, the Court remarks that Kosachuk seems to misunderstand the concept of standing. Kosachuk argues that the Bankruptcy Court was wrong to find that he had no standing because he is

directly affected by the contempt order. For that reason, Kosachuk argues that he has "standing to challenge the confirmed bankruptcy plan[.]" (ECF No. 30 at 18.) This argument makes little sense. While Kosachuk may have standing to challenge the contempt order entered against him, that does not grant him standing as to the *underlying case*. Nor does he have standing to challenge the confirmed plan on the basis of Hazan's purported failure to make payments to the IRS. (ECF No. 30 at 8, 18.)

### 4. Conclusion

Accordingly, the Court **grants** Hazan's motion (**ECF No. 10**) and **dismisses** this appeal with prejudice. The Bankruptcy Court is **affirmed**.

Any other pending motions are **denied as moot**. The Court suspends any pending deadlines and/or hearings and **directs** the Clerk to **close** this case.

**Done and ordered** in Miami, Florida, on September 27, 2022.

_____
Robert N. Scola, Jr.
United States District Judge